```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
_____
                                    )
THE GERFFERT COMPANY, INC.,         )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 10-101 S
                                    )
WILLIAM J. HIRTEN COMPANY, LLC,     )
JAMES DEAN, and ABC COMPANIES,      )
                                    )
        Defendants.                 )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court are two motions in this copyright infringement dispute between Plaintiff Gerffert Company, Inc. ("Gerffert") and Defendants William J. Hirten Company, LLC ("Hirten LLC"), James Dean, and ABC Companies[1] (collectively, "Defendants"). The first is Plaintiff's appeal of Magistrate Judge David L. Martin's Memorandum and Order (ECF No. 53 (hereinafter "Order")) granting in part Defendants' motion to deem admitted its undisputed facts. The second is Plaintiff's objection to the Magistrate Judge's Report and Recommendation (ECF No. 55 (hereinafter "R & R")) granting Defendants' motion for summary judgment. For the reasons below, both motions are denied, and summary judgment will enter for Defendants.

---

[1] ABC Companies are, as of yet, unspecified customers of Hirten LLC.

The relevant facts, procedural background, and analysis are fully set forth in the R & R, which the Court adopts in toto. The Court limits its discussion to those facts pertinent to the motions presently before it.

I. Order Granting in Part Defendants' Motion to Deem Its Undisputed Facts Admitted

The April 3, 2010 Order deemed admitted certain facts in Defendants' (corrected) statement of undisputed facts ("SUF") based on Plaintiff's failure to adequately or properly dispute Defendants' undisputed facts in its statement of disputed facts ("SDF"). Plaintiff appeals the Order. As it is nondispositive, this Court will defer to the conclusions of the Magistrate Judge unless they are "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The Order deemed admitted all but four of Defendants' undisputed facts[2] upon finding Plaintiff's SDF variously "cluttered" with irrelevant material, (Order 6), lacking "evidence supporting its contention[s]," (id. at 7-8), "not responsive" or "not disput[ing] the fact which Defendants have stated is undisputed," and containing hearsay (id. at 8). The Magistrate Judge further found that Plaintiff's "lengthy, complex, and repetitious statement of disputed facts complicates matters and greatly increases the burden on this Court." During

---

[2] The Magistrate Judge found Defendants' SUF ¶¶ 5, 30, 32, and 33 disputed but not material.

2

this Court's hearing on the matter, it inquired of Plaintiff's counsel about the unusual character of its SDF. Counsel acknowledged that the submission was "a bit unorthodox" but stated that Plaintiff "very much wanted to present his side of the story in his own words, in his own voice." (Hr'g Tr. 5, Feb. 10, 2011.)

L.R. Cv. 56 is not intended to be an opportunity for parties to spin their version of the facts into a gratuitous, self-serving narrative. Rather, it is a means of "focusing a district court's attention on what is--and what is not--genuinely controverted." Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006). Courts are therefore under no obligation "to ferret through the record to discern whether any material fact is genuinely in dispute." CMI Capital Mkt. Inv., LLC v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008). The First Circuit has stressed the importance of complying with "local rules similar to Local Rule 56," stating:

> Given the vital purpose that such rules serve, litigants ignore them at their peril. In the event that a party opposing summary judgment fails to act in accordance with the rigors that such a rule imposes, a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated.

Rios-Jimenez v. Principi, 520 F.3d 31, 38 (1st Cir. 2008) (citations omitted).

The Magistrate Judge went beyond the call of duty by poring through Plaintiff's SDF and individually assessing whether, and the extent to which, each of Defendants' forty-five undisputed facts should be deemed admitted. Evincing further attentiveness, the Magistrate Judge in several instances deemed admitted only portions of the paragraphs contained in Plaintiff's SDF, excising any facts he thought were properly in dispute. In the face of this careful appraisal, Plaintiff's arguments on appeal, which essentially rehash those previously rejected, fail to demonstrate that the Magistrate Judge committed clear error in granting in part Defendants' motion to deem admitted its SUF. The Order is affirmed.

II. Summary Judgment

The following is set forth in the R & R in further detail, but is recounted here for ease of reference. In 2006, Plaintiff Gerffert purchased from artist Larry Ruppert a non-exclusive license to use certain works of art in a religious book (the "Original Works"). (SUF ¶ 40.) In July 2007, Dean, a Gerffert employee at the time, approached Ruppert about modifying the Original Works (the "Modified Works"). Dean explained to Ruppert that the Modified Works were for the use of a new company being formed called Hirten LLC, adding that Gerffert's president, Stephen Panigel, planned to retire and sell Gerffert's assets to Hirten LLC. (Id. ¶¶ 41-42.) Ruppert

4

created the Modified Works for $4,240 and invoiced the bill to HMH Religious Manufacturing Co., a company owned and operated by Dean. (Id. ¶¶ 3, 43.) A month later, in August 2007, Hirten LLC registered with the State of Delaware, and thereafter refunded Dean for the Modified Works. (Id. ¶¶ 22, 44.) On June 22, 2009, Ruppert assigned his entire interest in the Original Works to Gerffert, conferring an exclusive license to the copyrights. (See Am. Compl., Ex. 2, ECF No. 16-3.) On March 3, 2010, Gerffert, through counsel, informed Hirten LLC that it was terminating whatever license it may have had in the Modified Works. (Panigel Reply Decl., Ex. L., ECF No. 30-4.)

Gerffert then brought suit against Defendants alleging that (1) Hirten LLC's sales of a religious book containing the Modified Works infringed its copyrights on the Original Works, and (2) Dean breached his fiduciary duty and duty of loyalty by commissioning the Modified Works and by interfering with negotiations between Gerffert and Hirten LLC's predecessor company, William J. Hirten, Inc. Gerffert asks that any license Hirten LLC received to use the Modified Works be held in a constructive trust for Gerffert or rescinded as fraudulently obtained.

On April 24, 2010, Defendants moved for summary judgment claiming that because Dean commissioned the Modified Works on behalf of and for the use of Hirten LLC, and Ruppert understood

this, Ruppert conferred upon Hirten LLC an irrevocable non-exclusive license to use the Modified Works. Defendants further aver that Dean did not violate any fiduciary duties owed to his employer, Gerffert, because he commissioned the Modified Works with Panigel's implicit consent. The Magistrate Judge heard arguments and found as follows:

> The record supports Defendants' contention that Ruppert granted Hirten LLC a non-exclusive license to use the Modified Works in a communion book. Gerffert's arguments for re[s]cission or imposition of a constructive trust based on fraud lack evidentiary support. Similarly, its argument that any license would not be to Hirten LLC ignores the declarations of Dean and Ruppert, the two individuals directly involved in the transaction. Because Hirten LLC paid consideration for the license, it is not subject to termination by Gerffert. Lastly, Dean did not breach any fiduciary duty to Gerffert after Panigel told Dean that he was retiring and was going to sell or liquidate the business.

(R & R 28).[3]

Gerffert now objects to the R & R, claiming that it erroneously: (1) disregards disputed material facts, (2) finds the Statute of Frauds inapplicable to Ruppert and Dean's agreement concerning the Modified Works, (3) concludes that Dean acted as a corporate promoter for Hirten LLC when he commissioned the Modified Works, and (4) confuses the legal

---

[3] The R & R also found that Gerffert offered no evidence to support its allegation that Dean interfered with negotiations between Gerffert and Hirten LLC's predecessor company. The Court agrees and will not address the matter further.

6

standard for contracts lacking a term of duration. The Court addresses each of these objections in turn.

    A. Whether the Existence of Disputed Material Facts Renders Summary Judgment Inappropriate

Gerffert argues that the Magistrate Judge ignored a "plethora of highly disputed facts, which render summary judgment inappropriate." (Pl.'s Obj. to R & R 8, ECF. No. 61.) It cites several examples of "issues of fact[s]" that it believes the Magistrate Judge mistakenly "accept[ed] on face value." (Id.) However, upon reviewing the R & R and relevant submissions, the Court is satisfied that the Magistrate Judge rested his conclusions on undisputed facts. Moreover, the fact issues that Gerffert alleges are immaterial to the main issue in this case: whether Ruppert conferred to Hirten LLC a non-exclusive license to use the Modified Works.

The Court adopts the R & R's conclusion that he did. "[A]n implied nonexclusive license has been granted when (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." I.A.E., Inc. v. Shaver, 74 F.3d 768, 776 (7th Cir. 1996) (citing Effects Assocs. v. Cohen, 908 F.2d 555, 558-59 (9th Cir. 1990)); accord

7

<u>John G. Danielson, Inc. v. Winchester-Conant Props., Inc.</u>, 322 F.3d 26, 41-42 (1st Cir. 2003).

Here, the material undisputed facts make clear that (1) Dean commissioned Ruppert to create the Modified Works on behalf of Hirten LLC, (2) Ruppert created the Modified Works for Hirten LLC and invoiced Dean, and (3) Ruppert understood that the Modified Works were to be used and distributed by Hirten LLC. (<u>See generally</u> SUF ¶¶ 41-44; Corrected Decl. of James Dean, ECF No. 23; Decl. of Larry Ruppert, ECF No. 20-4.)  Hirten LLC therefore received a non-exclusive license to use the Modified Works that, once conferred, insulated it from liability for infringement.  See <u>I.A.E.</u>, 74 F.3d at 775 ("[T]he existence of a license, exclusive or nonexclusive, creates an affirmative defense to a claim of copyright infringement." (citing <u>Effects</u>, 908 F.2d at 559)).  Gerffert's remaining objections to the R & R attempt to chip away at this conclusion on various other grounds.

  B. Statute of Frauds

Gerffert objects to the Magistrate Judge's rejection of its argument that the agreement between Ruppert and Dean falls under the statute of frauds.  Specifically, it argues that performance of the non-exclusive license could not have commenced until the Modified Works were incorporated into a physical embodiment (here, a religious book).  Thus, because Dean suggested that

this "would likely not occur for 18 months," (Gerffert's Mem. in Supp. of Obj. to R & R 19, ECF No. 61 (citing Corrected Dean Decl. ¶ 26)), Gerffert argues that Dean's own words demonstrate that the contract could not be fully performed within a year from its making.

Gerffert's objection fails for two reasons. First, it displays a fundamental misunderstanding of the statute of frauds. The question is not whether performance "would likely not occur" within one year (id.), but whether performance cannot occur within one year. See R.I. Gen Laws § 9-1-4. Moreover, the weight of authority suggests that the statute of frauds has no applicability where, as here, the existence of a non-exclusive license is implied by the conduct of the parties and asserted as an affirmative defense.

> In contrast to an exclusive license, a nonexclusive license does not amount to a transfer of copyright ownership. . . . Therefore, a nonexclusive license is not governed by the statute of frauds provision of 17 U.S.C. § 204, and may be granted "orally, or may even be implied from conduct." 3 Melvin B. & David Nimmer, Nimmer on Copyright, § 10.03[A][7] (2001). The existence of a nonexclusive license, if granted to the defendant in an infringement action, operates as an affirmative defense to a claim of infringement. Johnson v. Jones, 149 F.3d 494, 500 (6th Cir. 1998); I.A.E., 74 F.3d at 775; Effects, 908 F.2d at 559.

John G. Danielson, Inc. v. Winchester-Conant Props., Inc., 186 F. Supp. 2d 1, 18 (D. Mass. 2002); accord Holtzbrinck Pub. Holdings, L.P. v. Vyne Commc'ns, Inc., No. 97 CIV 1082(KTD),

9

2000 WL 502860, *6 (S.D.N.Y. Apr. 26, 2000) ("A license implied by the law is an exception to the proscriptions of the Statute of Frauds."); Natkin v. Winfrey, 111 F. Supp. 2d 1003, 1012 (N.D. Ill. 2000) ("statute of frauds is simply inapplicable to a copyright license implied by law from the parties' conduct").

  C. Whether the Non-Exclusive License is Revocable

  Gerffert also objects to the R & R for concluding that Hirten LLC's non-exclusive license to the Modified Works is irrevocable. Specifically, Gerffert contends that when it acquired an exclusive license and copyrights to the Original Works in 2009, those rights included Ruppert's authority to terminate the non-exclusive license to the Modified Works, and therefore it properly terminated any license Hirten LLC may have had to the Modified Works through its March 3, 2010 letter from counsel. Defendants counter by pointing to the established rule that a non-exclusive copyright license is irrevocable if supported by consideration. See Asset Mktg. Sys., Inc. v. Gagnon, 542 F.3d 748, 757 (9th Cir. 2008) (holding that "because [plaintiff] paid consideration, this [non-exclusive] license is irrevocable" (citing Lulirama Ltd. v. Axcess Broadcast Servs., Inc., 128 F.3d 872, 882 (5th Cir. 1997) (holding same))). As the R & R notes, if a license supported by consideration were revocable, then it would be illusory. (R & R 26.)

10

Gerffert responds that, notwithstanding the existence of consideration, the non-exclusive license is still revocable because it is of an unspecified duration. See Hilton v. Fraioli, 763 A.2d 599, 602 (R.I. 2000). It is true that, "[w]here a contract formed in a particular state is silent with respect to certain terms, state rules of enforcement and interpretation may serve to fill those gaps." Latin Am. Music Co. v. Am. Soc'y of Composers Authors & Publishers, 593 F.3d 95, 99 (1st Cir. 2010). Thus, Gerffert asserts that its March 3, 2010 letter properly terminated any non-exclusive license Hirten LLC may have had to the Modified Works because, in Rhode Island, "when the duration of a contract is uncertain, the contract is to be considered terminable at will." Hilton, 763 A.2d at 602 (quotation and citation omitted). The R & R dismissed this argument, finding that Gerffert's Rhode Island authorities "deal with employment contracts, not licenses." (R & R 25.)

In its objection to the R & R, Gerffert again stresses that Rhode Island courts have "consistently held" that contracts of unspecified duration are terminable at will, adding that this Court has "framed the rule as applying to all service contracts generally." (Gerffert's Mem. in Supp. of Obj. to R & R 22 (citing Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 182 F.R.D. 386, 395 (D.R.I. 1998)).) Gerffert, however, conveniently omits any reference to this Court's unambiguous

11

pronouncement in Ross-Simons that: "Defendant has not identified, nor has the Court found, any cases in which the Rhode Island courts have extended this rule beyond employment contracts.  Furthermore, defendant has not proposed any persuasive rationale to support such an expansion of the rule by this Court."  Ross-Simons, 182 F.R.D. at 395 (footnote omitted). In the absence of such authority or any rationale suggesting why a non-employment contract of an indefinite duration is (or should be) terminable at will, this Court will not so find.

D.   Whether Dean Acted as a Corporate Promoter

Finally, Gerffert argues that the R & R's determination that Dean acted as corporate promoter for Hirten LLC when he commissioned the Modified Works should be rejected.  A promoter is "every person acting, by whatever name, in the forming and establishing of a company at any period prior to the company becoming fully incorporated."  Dickerman v. N. Trust Co., 176 U.S. 181, 203-04 (1900) (quotation and citation omitted); accord Café La France, Inc. v. Schneider Secs., Inc., 281 F. Supp. 2d 361, 373 (D.R.I. 2003) ("A corporate promoter is one who, alone or with others, participates in the formation of a corporation or some other joint business venture, and takes steps to put it in a position to transact the business for which it is intended.").

In its objection, Gerffert does not attempt to contradict Defendants' evidence that Dean acted as a promoter. Rather, it argues that the promoter question is one of fact and that Defendants "failed to provide sufficient evidence to support" that Dean is, in fact, a promoter. But merely asking for more evidence is not enough to survive summary judgment. Statchen v. Palmer, 623 F.3d 15, 18 (1st Cir. 2010) ("[E]vidence from the moving party as to specific facts can be accepted by the court where no contrary evidence is tendered by the party opposing summary judgment."). To present a genuine issue of material fact, Gerffert must proffer admissible evidence tending to show that a "reasonable jury" could not believe that Dean was acting as a promoter for Hirten when he commissioned Ruppert to create the Modified Works. See Lockridge v. The Univ. of Maine Sys., 597 F.3d 464, 469 n.3 (1st Cir. 2010) ("A dispute about a material fact is 'genuine' only 'if a reasonable jury could resolve it in favor of either party.'" (quoting Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004))).

There can be no doubt that Dean acted as a promoter for Hirten LLC, whose registration with the State of Delaware on August 10, 2007 conferred Dean with a one-third ownership interest. From April 2007 onward, Dean was an integral participant in the negotiations leading up to the formation of Hirten LLC, attending various business meetings as a presumptive

13

one-third owner. (See SUF ¶¶ 11-16.) Dean also participated in a May 22, 2007 meeting with others in order to "finalize the details of forming Hirten LLC." (Id. ¶ 16.) Shortly after the meeting, Dean and two others reached an agreement to "go forward" with the formation of Hirten LLC with each as a one-third owner. (Id. ¶ 18.) Moreover, Dean and Ruppert (the only relevant parties to the transaction) have both attested, under oath, that when Dean approached Ruppert to commission the Modified Works, they understood that Dean was commissioning the Modified works on behalf of and for the use of Hirten LLC. (See id. ¶ 42; Decl. of James Dean ¶ 23, ECF No. 23; Decl. of Larry Ruppert ¶ 2, ECF No. 20-4 ("Dean, on behalf of this new Hirten company, commissioned me to make modifications to the artwork I created in 2006. I entered into an agreement to create this new artwork to be used in a communion book to be sold by the newly created Hirten company.").) After Hirten LLC formed, it ratified the transaction with Ruppert and issued a credit to Dean vis-à-vis HMH, a company owned and operated by Dean. (SUF ¶¶ 3, 43-44.) In light of this undisputed evidence, Dean was a "person acting, by whatever name, in the forming and establishing of a company at any period prior to the company becoming fully incorporated." Dickerman, 176 U.S. at 203-04. Thus, the Court adopts the R & R's conclusion that there is no

triable issue as to whether Dean acted as a promoter when he commissioned Ruppert to create the Modified Works.[4]

III. Conclusion

For the reasons set forth above, Plaintiff's appeal of the Order is DENIED, objections to the R & R are DENIED, and Defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED:

/s/ William E. Smith

William E. Smith
United States District Judge
Date: September 7, 2011

---

[4] Moreover, to the extent that Gerffert objects to the R & R's conclusion that Dean did not breach any fiduciary duties or commit fraud against Gerffert, those objections fail for the reasons set forth by the Magistrate Judge in §§ III(A)(1) & (4) and III(B) on the R & R. Furthermore, to the extent it was argued at the hearing on this matter, the Court also rejects Gerffert's argument that Dean was precluded from transferring the Modified Works to Hirten LLC in light of a bright-line rule forbidding non-exclusive licensees from transferring their licenses. A non-exclusive licensee can transfer his license with the permission of the copyright owner. See ITOFCA, Inc. v. MegaTrans Logistics, Inc., 322 F.3d 928, 941 (7th Cir. 2003) (collecting cases and commentaries). For the reasons stated above, it is clear that Ruppert knew that the Modified Works were created for Hirten LLC.